Counsel, you may proceed. Good morning, Your Honor. Shafima Wheel of Federal Defenders for Mr. Contreras-Murillo. Your Honor, the jury instruction given by the district court in this case was inadequate to cover Mr. Contreras' theory of defense for two reasons. The first reason is really the reason highlighted by the government in their response brief. The government spent over seven pages arguing that a mistake of fact is not a defense to the crime of attempted illegal re-entry. And this is wrong. It's in direct contrast to this court's holding in Brasidas Ulibarri. The second reason is related in that the jury and what we know in popular culture and certainly what the jury must know is that ignorance of the law is no defense. And it would have been very easy for the jury to confuse Mr. Contreras' theory with that, that he was making a mistake of law. Well, regardless of how you use whether it's a mistake of law or a mistake of fact, instruction number 12 that was given told the jury that your client had to have the purpose and the conscious desire to re-enter without the consent of the secretary of etc. Why doesn't that suffice? Because if it's a mistake, I thought I could come in. I thought I had permission. It doesn't matter whether you call it fact or law. If they really believed that, they would have to find that he didn't have the purpose and conscious desire to re-enter without consent. Well, that is a good question. And the answer to that is that it would have been just as easy for the jury to make the same mistake that the government made, even having been given that instruction. Conscious desire to re-enter without permission. What the government argued is that... On purpose. It says purpose and conscious desire. Right. Purpose and conscious desire to enter without permission. What the government argued in their response brief is that all they have to show is that Mr. Contreras had the specific intent to commit the overt act, which was a substantial step towards attempted illegal re-entry. Essentially, that all they had to show is that he had the specific intent to drive up to the... I know what they argue, but I'm asking you the practical question. If the jury had believed that your client, in his heart of hearts, believed 100% that he had a valid green card and had permission to enter the United States, if the jury believed that, how could they have convicted him under this instruction? Because I don't think that the instruction is clear enough for them to know that his belief that his green card was valid would have been a defense to this crime. I don't think that the instruction clearly sets that out for them, particularly because we all know that a mistake of law is not a defense to a crime. And here, it is important, the type of mistake that he made, because the mistake was about his legal permission to enter. His legal permission to enter could easily be misconstrued as his mistake or his ignorance of the law, of whether he actually legally could enter or not. And what we're saying is that's different, and that it was the court's obligation to explain to the jury that it wasn't enough that this language regarding conscious desire was not enough, that it's the court's obligation to spell out that the mistake of fact regarding his subjective belief in this case. That's almost like asking the court for a comment on the evidence. I mean, you requested instruction. This one says what the government has to prove, and maybe it says even more than the government has to prove, but that's what the jury was told here. And it seems like what you're asking for is more of a comment on the evidence. You'd have to find that he doesn't have the purpose if you find this and this and this. But I think that that would be a correct statement of the law, and it would also give the tool by which the jury could decide this case in a way that's most fair. And I keep coming back to this because I think that it's really the most pivotal point. For example, this court decided in United States v. Smith-Baltier that the jury had to be specifically instructed on the law regarding derivative citizenship and that they had to be specifically instructed or rather be able to argue the defense that whether Smith-Baltier had the reasonable belief that he was a United States citizen, that that would have been a defense to the charge, that his belief would have been a defense. Here, we have this language regarding conscious desire to reenter without permission, but it doesn't really explain to the jury that his belief that his green card was valid would have been enough to acquit him. And I think that could have made that example. I mean, that is the factual argument under this instruction, it seems to me. I mean, to say to the jury, how could my client have had a purpose and a conscious desire to reenter without permission when his purpose, his conscious desire, was to reenter with permission because he had this valid green card. That was his state of mind. I guess I don't understand why this instruction would not have permitted your facts and your theory to have gone to the jury. I think that I keep coming back to the mistake that the government made and how easy it would have been for the jury to make that same mistake. If the government is saying that all that we really needed to show is that he had the conscious desire to enter and that he had the specific intent to commit this overt act, then the jury, regardless of what the lawyer, what the defense counsel tells them, is what's happening or what is the law, they could easily make that same mistake to say that, well, Mr. Condreras definitely did drive to the port of entry. He appeared lucid when he handed his card to the inspector at the port of entry, and that was his specific intent to enter the United States. And his mistake of fact regarding the validity of the green card, the jury could have easily thought was immaterial. I think that, and what the government argued in their rebuttal closing over and over again, is that statements of defense counsel are not evidence and that they have to follow the laws instructed by the judge. And even if I say that Mr. Condreras didn't have the conscious desire because he believed his green card was valid, without a specific rule given to the jury, that that is actually a determination that they can make, that his belief as to the validity of his green card is material in this case, the jury could easily think, well, we got all these other instructions, but no instruction regarding whether his subjective belief is material, and so perhaps we can't consider that. And I think that it's quite clear that perhaps the jury may have made that mistake because the government made that mistake in their response brief. And Your Honor mentioned that you're obviously familiar with their brief, and I think that it's crucial that they argue essentially against recedes. And where the common law meaning of attempt means that you have to have a specific intent to commit a criminal act, and otherwise attempted illegal entry would criminalize what would be legal acts, going up to the court seeking permission. So you have to actually want to break the law to enter without permission and without a specific instruction on that mistake of fact, the jury wouldn't necessarily have that tool to be able to consider it. I'd like to reserve the remaining time. You may do so, counsel. We'll hear from the government. Good morning. May it please the Court. Dale Blankenship on behalf of the United States. Blankenship. Your Honors, I believe that the defense has misconstrued or misunderstands part of our argument. Part of our argument is not simply that as, well, let me just state, Grassley S. Ulibarri specifically laid out the elements of an attempted reentry. And those elements specifically require that the government prove that the defendant had the purpose, i.e., the conscious desire to enter the United States without the express consent of the Attorney General, and then also the substantial step, the prior deportation, et cetera. The government's arguments below at the district court proceedings and our arguments now are that, number one, the defense's requested instructions were wrong as a matter of law. And further, that the evidence presented in support of that requested instruction was insufficient. And moreover, as the court has been inclined to question the appellant's counsel, the court's actual instruction to the jurors was adequate to inform or require the government prove all the elements of the offense. With respect to our first position, that it was the defense or the appellant's requested instruction was just wrong as a matter of law. The Smith-Baltiher case specifically referred to a reasonable subjective mistake. The specific instruction that we're talking about actually said that the subjective belief may even be unreasonable. That was not the holding of Smith-Baltiher. In Smith-Baltiher, there was actually a defense of derivative citizenship. And if that individual had actually been a derivative citizen, he would have had the authority to enter the United States without the consent of the attorney general. He would have had a reasonable subjective belief. In this case, we're talking about an individual who was deported. He always, he was an alien and he had been deported. He always needed the consent of the attorney general to enter the United States. A valid or a green card, a possession of a green card does not reach that subjective reasonable belief. If I had gone to court for a traffic violation and if I had had my license revoked or suspended, but the court didn't take my license, I still had it in my possession, it would not be reasonable for me to subjectively believe that I still had the authority to drive just because I had possession of that driver's license. I think that's strikingly similar to the situation we have here. The appellant requested the court to instruct the jury that no matter what his belief is, that he should be, that the government should be required to disprove it. With respect to the sufficiency of the evidence in this particular instance, there just wasn't the sufficiency to get that issue before the jury. I think the court... Well, that, you know, your argument in that regard almost seems to suggest that the defendant would have had to testify to have enough evidence of his subjective belief. But there was evidence that when he presented the green card, it appeared to the border agents to be valid and that he didn't show any nervousness. And that's at least some evidence that he thought that he was presenting something valid. He didn't seem anxious about it, and it looked valid to the people who received it on initial view. So you don't need much evidence to support your theory. Why isn't that enough? Well, the cases say that you do need more than a mere scintilla of evidence. But I think one of the important distinctions here is that the subjective belief that the green card was valid is not a defense. There was no evidence of the subjective belief that the attorney general consented. Just because he believed that, and you can't even really get to there, the evidence was he drives up to the port, and he presents a green card, and he says he's going to San Diego. Looking at the card itself, it doesn't actually say anything. There's an absence of saying it's revoked. There's an absence of physical marking. And the testimony was that that would appear to be a valid green card by the inspectors. That was the evidence. There was no evidence from anybody else stating that, well, he's told me before or he has relied on this card before on prior occasions. There's no evidence coming from him. There's no evidence coming from other witnesses about the subjective belief. Moreover, it's not even the correct subjective belief. Well, that's a different question whether it would be the correct subjective belief, but most of the time subjective belief can be demonstrated by circumstantial evidence. And that is essentially what they've done here. They've just relied on a very scant amount of circumstantial evidence to argue a belief. But I think that the court's actual instruction to the jury was adequate in this case. It actually informed the correct elements and allowed the jury to make a finding that was consistent with the law. If there's no other questions with respect to this issue and if there's no questions with respect to the 288A, the government will submit. No questions, counsel. Ms. Mowiel, you have some reserved time. Thank you, Your Honors. Briefly, I want to respond to Judge Graber's questions to me about why this instruction given by the district court was not sufficient. I think that the language of purpose and conscious desire to enter without permission, it's ambiguous whether the purpose and conscious desire refers to the entry or whether it refers to the entry without permission. And I think that the ambiguity as to which act the purpose and intent modifies is what makes it confusing. Is that an ambiguity in our in-bank decision in Crescidas-Sulaware? The ambiguity is not addressed in the decision. No, I'm asking kind of a different question. Does that same ambiguity that appears in Instruction 12 also appear in our previous case or not? Well, I think the ambiguity is to what the jurors perceive. No, I'm asking a completely different question. I'm asking about the case, about Crescidas-Sulaware, and whether it's clear that that case requires a subjective desire to be here without permission or whether it requires only a subjective desire to be here. Well, certainly I would argue, and what I think the decision means, is that it requires a subjective desire to be here without permission. But I think that the jury instruction that was given to the jury, I mean, when they go back to the jury room, they don't have the court's decision in Crescidas to clarify for them what the law means. If Crescidas doesn't decide that issue, if there is ambiguity in that decision, and that's an if, why should we not adopt the government's argument if it were open to us? That is, that the attempt is the person's conscious desire to enter, and the legal status that they have is just something else in the case, but they don't have to have a desire to break the law but only to get here. Well, I don't think that Your Honor should adopt that decision or that analysis because I don't think that it's correct. I think that this court's analysis in Crescidas was correct, but I think that it was correctly decided and that the opinion is clear that the judges were considering the attempt to enter without permission, the subjective, the lack of specific intent to break the law as operative. But what I think, what I'm saying is that, again, that the jury doesn't know that. The jury doesn't know how this court has clarified the statutory or the elements of this crime, and so they just have that language, that sentence, or rather that fragment when they go back to the jury room to deliberate. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision, and the court will take a 10-minute recess.
judges: O'scannlain, Graber, Gibson